MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------X

BONIFACIO PEREZ-RAMOS and LUCIANA
FLORES, *individually and on behalf of others*
*similarly situated,*

                        *Plaintiffs*,

        -against-

ST. GEORGE HOLDING CORP.  (D/B/A EL
BASURERO), RITMOS 60'S INC.  (D/B/A
RITMOS 60'S), JORGE A. MORALES , and
RAMON BADILLO,

                    *Defendants.*
------------------------------------------------------X

                       **COMPLAINT**

        **COLLECTIVE ACTION UNDER**
            **29 U.S.C. § 216(b)**

                **ECF Case**

      Plaintiffs Bonifacio Perez-Ramos and Luciana Flores , individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against St. George Holding Corp. (d/b/a El Basurero), Ritmos 60's Inc. (d/b/a Ritmos 60's), ("Defendant Corporations"), Jorge A. Morales and  Ramon Badillo, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## <u>NATURE OF ACTION</u>

      1.    Plaintiffs are former employees of Defendants St. George Holding Corp. (d/b/a El Basurero), Ritmos 60's Inc. (d/b/a Ritmos 60's), Jorge A. Morales, and Ramon Badillo.

2.     Defendants own, operate, or control two bars/restaurants, located at 32-17 Steinway Street, Astoria, NY 11103 under the name "El Basurero" and at 32-23 Steinway Street, Astoria, NY 11103 under the name "Ritmos 60's".

3.     Upon information and belief, individual Defendants Jorge A. Morales and Ramon Badillo, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the bars/restaurants as a joint or unified enterprise.

4.     Plaintiffs were employees of Defendants.

5.     Plaintiffs were employed as a cook and a salad preparer at the bars/restaurants located at 32-17 Steinway Street, Astoria, NY 11103 and 32-23 Steinway Street, Astoria, NY 11103.

6.     At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

9.     Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

10.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

11.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without

providing the minimum wage and overtime compensation required by federal and state law and regulations.

12.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

15.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two bars/restaurants located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

16.     Plaintiff Bonifacio Perez-Ramos ("Plaintiff Perez-Ramos" or "Mr. Perez-Ramos") is an adult individual residing in Queens County, New York.

17.     Plaintiff Perez-Ramos was employed by Defendants at El Basurero and at Ritmos 60's from approximately January 25, 2005 until on or about November 14, 2017.

18.     Plaintiff Luciana Flores ("Plaintiff Flores" or "Ms. Flores") is an adult individual residing in Queens County, New York.

19.     Plaintiff Flores was employed by Defendants at El Basurero and at Ritmos 60's from approximately June 2012 until on or about November 14, 2017.

*Defendants*

20.     At all relevant times, Defendants owned, operated, or controlled two bars/restaurants, located at 32-17 Steinway Street, Astoria, NY 11103 under the name "El Basurero" and at 32-23 Steinway Street, Astoria, NY 11103 under the name "Ritmos 60's".

21.     Upon information and belief, St. George Holding Corp. (d/b/a El Basurero) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 32-17 Steinway Street, Astoria, NY 11103.

22.     Upon information and belief, Ritmos 60's Inc. (d/b/a Ritmos 60's) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 32-23 Steinway Street, Astoria, NY 11103.

23.     Defendant Jorge A. Morales is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jorge A. Morales is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jorge A. Morales possesses operational control over Defendant Corporations, an

ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.    Defendant Ramon Badillo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ramon Badillo is sued individually in his capacity as officer and/or agent of Defendant Corporations. Defendant Ramon Badillo possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.    Defendants operate two bars/restaurants located in the Astoria neighborhood of Queens in New York City.

26.    Individual Defendants, Jorge A. Morales and Ramon Badillo, possess operational control over Defendant Corporations and control significant functions of Defendant Corporations. Further, Individual Defendant Jorge A. Morales possesses ownership interests in Defendant Corporations,

27.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the

employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.  Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

30.  In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31.  Upon information and belief, Individual Defendant Jorge A. Morales operates Defendant Corporations as either alter egos of  himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for his own benefit as the sole or majority shareholder,

    e)  operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of his own with Defendant Corporations,

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h)   Other actions evincing a failure to adhere to the corporate form.

32.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

33.   In each year from 2012 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the bars/restaurants on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiffs

35.   Plaintiffs are former employees of Defendants who were employed as a cook and a salad preparer.

36.   Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Bonifacio Perez-Ramos

37.   Plaintiff Perez-Ramos was employed by Defendants from approximately January 25, 2005 until on or about November 14, 2017.

38.   Defendants employed Plaintiff Perez-Ramos as a cook.

39.   Plaintiff Perez-Ramos regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40.     Plaintiff Perez-Ramos's work duties required neither discretion nor independent judgment.

41.     Throughout his employment with Defendants, Plaintiff Perez-Ramos regularly worked in excess of 40 hours per week.

42.     From approximately March 2012 until on or about November 14, 2017, Plaintiff Perez-Ramos worked as a cook from approximately 3:00 p.m. until on or about 1:00 a.m., Mondays and Thursdays, from approximately 7:00 a.m. until on or about 1:00 a.m. to 2:00 a.m., Tuesdays, from approximately 1:00 p.m. until on or about 3:00 a.m., Fridays and Saturdays, and from approximately 12:00 p.m. until on or about 3:00 a.m., Sundays (typically 80 to 81 hours per week).

43.     Throughout his employment, Defendants paid Plaintiff Perez-Ramos his wages in a combination of check and cash.

44.     From approximately March 2012 until on or about December 2013, Defendants paid Plaintiff Perez-Ramos $7.25 per hour.

45.     From approximately January 2014 until on or about December 2014, Defendants paid Plaintiff Perez-Ramos $8.00 per hour.

46.     From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff Perez-Ramos $8.75 per hour.

47.     From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Perez-Ramos $9.00 per hour.

48.     From approximately January 2017 until on or about November 14, 2017, Defendants paid Plaintiff Perez-Ramos $11.00 per hour.

49.     For approximately his last week of employment, Defendants did not pay Plaintiff Perez-Ramos any wages for his work over 40.

50.     Plaintiff Perez-Ramos's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.     For example, Defendants required Plaintiff Perez-Ramos to work an additional 1 hour past his scheduled departure time three days a week preparing food for Ritmos 60's, and did not pay him for the additional time he worked.

52.     Defendants never granted Plaintiff Perez-Ramos any breaks or meal periods of any kind.

53.     Nevertheless, Defendants deducted one hour of his wages per day from Plaintiff Perez-Ramos's weekly paycheck for meals he never ate and breaks he never took.

54.     In addition, in order to get paid, Plaintiff Perez-Ramos was required to sign a document falsely stating the hours that he worked per week.

55.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Perez-Ramos regarding overtime and wages under the FLSA and NYLL.

56.     Defendants did not provide Plaintiff Perez-Ramos an accurate statement of wages, as required by NYLL 195(3).

57.     Defendants did not give any notice to Plaintiff Perez-Ramos, in English and in Spanish (Plaintiff Perez-Ramos's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.     However, Defendants required Plaintiff Perez-Ramos to sign a notice each year falsely stating the overtime rate at which he was supposedly paid for his hours worked over 40 per week. Further, Defendants did not allow him to keep a copy neither gave him a copy of such notice in Spanish nor explained him the content of such document.

59.    Defendants required Plaintiff Perez-Ramos to purchase "tools of the trade" with his own funds—including four pairs of kitchen shoes per year, five pairs of boots per year, and two pants per week.

*Plaintiff Luciana Flores*

60.    Plaintiff Flores was employed by Defendants from approximately June 2012 until on or about November 14, 2017.

61.    Defendants employed Plaintiff Flores as a salad preparer.

62.    Plaintiff Flores regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

63.    Plaintiff Flores's work duties required neither discretion nor independent judgment.

64.    Throughout her employment with Defendants, Plaintiff Flores regularly worked in excess of 40 hours per week.

65.    From approximately June 2012 until on or about June 2014, Plaintiff Flores worked as a salad preparer from approximately 8:00 a.m. until on or about 8:00 p.m. to 9:00 p.m., Fridays, Saturdays and Sundays and from approximately 9:00 a.m. until on or about 6:00 p.m., Mondays and Tuesdays (typically 54 to 57 hours per week).

66.    From approximately June 2014 until on or about November 14, 2017, Plaintiff Flores worked as a salad preparer from approximately 9:00 a.m. (or 8:00 a.m. during soccer season) until on or about 7:00 a.m. (or 9:00 p.m. to 9:30 p.m. during soccer season), Saturdays and Sundays and from approximately 9:00 a.m. until on or about 6:00 p.m., Mondays and Tuesdays (typically 38 to 44 or 45 hours per week).

67.    Throughout her employment, Defendants paid Plaintiff Flores her wages in cash.

68.     From approximately June 2012 until on or about December 2013, Defendants paid Plaintiff Flores $7.25 per hour.

69.     From approximately January 2014 until on or about December 2014, Defendants paid Plaintiff Flores $8.00 per hour.

70.     From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff Flores $8.75 per hour.

71.     From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Flores $9.00 per hour.

72.     From approximately January 2017 until on or about November 14, 2017, Defendants paid Plaintiff Flores $11.00 per hour.

73.     Plaintiff Flores's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

74.     For example, Defendants required Plaintiff Flores to work an additional 1 hour past her scheduled departure time two days over summertime or to prepare food for Ritmos 60's, and did not pay her for the additional time she worked.

75.     Defendants never granted Plaintiff Flores any breaks or meal periods of any kind, but she occasionally took a 20-minutes break.

76.     Nevertheless, Defendants deducted an hour of her wages per day from Plaintiff Flores's weekly paycheck for meals she seldom every ate and breaks she seldom ever took.

77.     In addition, in order to get paid, Plaintiff Flores was required to sign a document falsely stating the hours that she worked per week.

78.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Flores regarding overtime and wages under the FLSA and NYLL.

79.    Defendants did not provide Plaintiff Flores an accurate statement of wages, as required by NYLL 195(3).

80.    Defendants did not give any notice to Plaintiff Flores, in English and in Spanish (Plaintiff Flores's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

81.    However, Defendants required Plaintiff Flores to sign a notice each year falsely stating the overtime rate at which she was supposedly paid for her hours worked over 40 per week which, prior to June 2014, was not the rate at which she was paid. Further, Defendants did not allow her to keep a copy neither gave her a copy of such notice in Spanish nor explained her the content of such document.

82.    Defendants required Plaintiff Flores to purchase "tools of the trade" with her own funds—including four pairs of kitchen shoes per year, eight pants per month, and medicines.

*Defendants' General Employment Practices*

83.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

84.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

85.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

86.   Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

87.   Defendants required Plaintiffs to sign a document that reflected inaccurate or false hours worked.

88.   Plaintiffs were paid their wages in cash and in a combination of check and cash.

89.   Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

90.   Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

91.   Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

92.   Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

93.   Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the

number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

94.    Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

95.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

96.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

97.   The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

98.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

99.   At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

100.  At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

101.  Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

102.  Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

103.  Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

104.  Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

105.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

107. Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

108. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

109. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

111. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

112. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

113. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

114. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

115.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

116.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

117.     Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

118.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

120.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

121.     Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

122.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.  Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

124.  Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

<h3 align="center">SEVENTH CAUSE OF ACTION</h3>

<h3 align="center">VIOLATION OF THE WAGE STATEMENT PROVISIONS</h3>

<h3 align="center">OF THE NEW YORK LABOR LAW</h3>

125.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.  With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

127.  Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

<h3 align="center">EIGHTH CAUSE OF ACTION</h3>

<h3 align="center">RECOVERY OF EQUIPMENT COSTS</h3>

128.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129.   Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

130.   Plaintiffs were damaged in an amount to be determined at trial.

<u>**NINTH CAUSE OF ACTION**</u>

**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

131.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

132.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

133.   Defendants made unlawful deductions from wages of Plaintiffs (and the FLSA class) including, but not limited to, deductions for meal breaks Plaintiffs were not permitted to and did not take.

134.   The deductions made from wages of Plaintiffs' and the members of the FLSA class were not authorized or required by law.

135.   Through their knowing and intentional efforts to take unauthorized deductions from the wages of Plaintiffs' and the members of the FLSA class, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

136.   Plaintiffs were damaged in an amount to be determined at trial.

<u>**TENTH CAUSE OF ACTION**</u>

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

## OF THE NEW YORK LABOR LAW

137.  Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

138.  Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

139.  Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)      Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)      Declaring that Defendants' violations of the provisions of the NYLL and the spread of hours wage order were willful as to Plaintiffs;

(n)      Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)      Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)       Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)      All such other and further relief as the Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
         March 29, 2018

                                     MICHAEL FAILLACE & ASSOCIATES, P.C.

                          By:      _____/s/ Michael Faillace_____
                                     Michael Faillace [MF-8436]
                                     60 East 42nd Street, Suite 4510
                                     New York, New York 10165
                                     Telephone: (212) 317-1200
                                     Facsimile: (212) 317-1620
                                     *Attorneys for Plaintiffs*

- 22 -

# MICHAEL FAILLACE & ASSOCIATES, P.C.
### Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

March 23, 2018

By Hand

To: Clerk of Court,

    I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:                  Luciana Flores

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                March 23, 2018

*Certified as a minority-owned business in the State of New York.*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

March 23, 2018

BY HAND

To: Clerk of Court,

   I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:                          Bonifacio Perez-Ramos

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:                      Bonifacio Perez

Date / Fecha:                           March 23, 2018

*Certified as a minority-owned business in the State of New York.*