UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BONIFACIO PEREZ-RAMOS and LUCIANA FLORES, *individually and on behalf of others similarly situated*,

    *Plaintiffs*,

-against-

ST. GEORGE HOLDING CORP. (D/B/A EL BASURERO), RITMOS 60'S INC. (D/B/A RITMOS 60'S), JORGE A. MORALES, and RAMON BADILLO,

    *Defendants.*

18-cv-1929

**SETTLEMENT AGREEMENT
AND
RELEASE OF CLAIMS**

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs Bonifacio Perez-Ramos and Luciana Flores ("Plaintiffs") on the one hand, and St. George Holding Corp. (d/b/a El Basurero), Ritmos 60's Inc. (d/b/a Ritmos 60's), Jorge A. Morales, and Ramon Badillo (collectively, "Defendants," and together with Plaintiffs, the "Parties"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendant as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 18-cv-1929 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Payment**: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims identified in paragraph 6 of this Agreement that Plaintiffs may have against Defendants through the Effective Date of this Agreement (each such claim a

"Released Claim"), including all counsel fees and costs incurred by Plaintiffs, the gross sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) (the "Negotiated Settlement Amount") to be paid to Plaintiff's attorneys over a period of six (6) months as follows:

i. A check in the amount of Thirty Thousand Dollars and Zero Cents ($30,000.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiffs," for immediate deposit within thirty (30) days of court approval of the Agreement and receipt by the Defendants' attorney of a duly execute IRS W-9 from the Plaintiffs' counsel, delivered to Plaintiffs' counsel no later than thirty (30) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

ii. A check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiffs," for immediate deposit within sixty (60) days of court approval of the Agreement and receipt by the Defendants' attorney of a duly execute IRS W-9 from the Plaintiffs' counsel, delivered to Plaintiffs' counsel no later than thirty (30) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

iii. A check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiffs," for immediate deposit within ninety (90) days of court approval of the Agreement and receipt by the Defendants' attorney of a duly execute IRS W-9 from the Plaintiffs' counsel, delivered to Plaintiffs' counsel no later than thirty (30) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

iv. A check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiffs," for immediate deposit within one-hundred and twenty (120) days of court approval of the Agreement and receipt by the Defendants' attorney of a duly execute IRS W-9 from the Plaintiffs' counsel, delivered to Plaintiffs' counsel no later than thirty (30) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

v. A check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiffs," for immediate deposit within one-hundred and fifty (150) days of court approval of the Agreement and receipt by the Defendants' attorney of a duly execute IRS W-9 from the Plaintiffs' counsel, delivered to Plaintiffs' counsel no later than thirty (30) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

vi. A check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for

Plaintiffs," for immediate deposit within one-hundred and eighty (180) days of court approval of the Agreement and receipt by the Defendants' attorney of a duly execute IRS W-9 from the Plaintiffs' counsel, delivered to Plaintiffs' counsel no later than thirty (30) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

vii.     A check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiffs," for immediate deposit within two-hundred and ten (210) days of court approval of the Agreement and receipt by the Defendants' attorney of a duly execute IRS W-9 from the Plaintiffs' counsel, delivered to Plaintiffs' counsel no later than thirty (30) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

The payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq. and Associates, P.C., at 60 East 42nd Street, Suite 4510, New York, NY 10165.

3. **Default; Notice to Cure:** In the event that the Settlement Payment is not received within seven (7) calendar days of the Payment due date set forth in Paragraph 1 of this Agreement, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiffs' counsel shall serve a written notice ("Default Notice") upon Defendants, by email, and upon counsel for Defendants, by email and certified mail, and the Defendants shall have ten (10) business days from the date of receipt of the Default Notice to cure the default by making such payment together with an additional amount of $50.00 to reimburse Plaintiffs' counsel for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiffs may immediately file the Affidavits of Confession of Judgment annexed hereto as **Exhibit A**.

4. **Failure to Pay:** Defendants shall execute a Confession of Judgment in the form of **Exhibit A** attached hereto entitling Plaintiffs to recover from Defendants: (i) all outstanding unpaid amount(s) arising under this Agreement; (ii) interest at the rate of 9% per annum under the New York Civil Practice Law and Rules accruing from the date in which their obligations to make the payments is breached; and (iii) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce the payment terms of the Agreement. Defendant shall deliver to Michael A. Faillace, Esq. and Associates, P.C. the executed and notarized original Confessions of Judgment contemporaneously with Defendant's execution of this Agreement.

5. **Taxes and Witholding:** Plaintiffs and Plaintiffs' counsel shall be solely responsible for any taxes resulting from the payments received under this Settlement Agreement that are not subject to withholding by the Defendants. Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

**6. Releases**

Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants only for wage and hour claims which Plaintiffs have, had, claim or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

**7. Submission to Court for Approval:** The Parties intend for the Plaintiffs to waive any and all claims related to their wages or compensation they may have against the Defendants, including claims under the FLSA, and therefore desire that this Agreement be approved by the United States District Court. Accordingly, the Parties agree to file a Joint Motion for Approval of the Settlement Agreement after full execution of this Agreement. Upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit B**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement. Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Joint Stipulation for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

**8. No Admission of Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendant of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

**9. Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendant.

**10. Acknowledgment:** Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

**11. Notices:** Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165

Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com


To Defendants:

Email: monykmorales17@hotmail.com
Email: jorgemora1987@gmail.com

To Defendants' Counsel:

Stephen D. Hans, Esq.
Stephen D. Hans & Associates, P.C.
45-18 Court Square, Suite 403
Long Island City, NY 11101
Tel:    (718) 275-6700
Email:  shans@hansassociates.com


    **12. Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

    **13. Release Notification:**   Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

    **14. Accord and Satisfaction:** Should any action or proceeding be instituted by any of the Plaintiffs with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

    **15. No Assignment:** Plaintiffs represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

16. **Entire Agreement**: This Agreement and all attachments constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement. There are no representations, warranties, understandings, or agreements other than those expressly set forth in this Agreement.

17. **Waiver**: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

18. **Modification**: This Agreement and Release may not be modified, altered or otherwise changed except by a written agreement signed and notarized by the affected by the modification, alteration, or change.

19. **Binding Effect**: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

20. **Construction**: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

21. **Attorneys' Fees and Costs**: Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation. However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

22. **Fair and Reasonable Settlement**: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

23. **Counterparts**: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

24. **Tax Liability and Indemnity**: The Plaintiffs understand that no federal, state or local

income taxes, payroll taxes or other taxes or withholdings have been or will be paid by the Defendants or withheld by the Defendants on account of or from the Negotiated Settlement Amount. The Plaintiffs acknowledge that the Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiffs further acknowledge that they have not relied upon any advice or representation by the Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts. The Plaintiffs shall be solely responsible for any and all taxes which may be due as a result of Plaintiffs' receipt of their respective portions of the Negotiated Settlement Amount pursuant to this Agreement. The Plaintiffs further agree to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by the Defendants or by the Plaintiffs, or both, as a result of not withholding taxes from any portion of the money paid to the Plaintiffs and the Plaintiffs' attorneys pursuant to this Agreement, and the Plaintiffs agree to fully indemnify and hold the Defendants harmless against any such liability. If the Defendants receive notice from any taxing authorities regarding any of the payments hereunder, the Defendants will provide the Plaintiffs' attorneys with a copy of such notice, within a reasonable period, so that the Plaintiffs may address any requests made by such taxing authority. The Plaintiffs understand that, in the event that the Defendants are required to enforce the terms of this indemnification and hold harmless provision, the Plaintiffs shall reimburse the Defendants for Defendants' reasonable attorney's fees and costs associated with such enforcement.

Plaintiffs:

By: *Bonifacio Perez*    6-03-19
BONIFACIO PEREZ-RAMOS

By: *Luciana Flores*    6-03-19
LUCIANA FLORES

Defendants:

ST. GEORGE HOLDING CORP. (d/b/a EL BASURERO)

By: _____

Print Name _____

Title _____

RITMOS 60'S INC. (d/b/a RITMOS 60'S)

By: _____

Print Name _____

income taxes, payroll taxes or other taxes or withholdings have been or will be paid by the Defendants or withheld by the Defendants on account of or from the Negotiated Settlement Amount. The Plaintiffs acknowledge that the Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiffs further acknowledge that they have not relied upon any advice or representation by the Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts. The Plaintiffs shall be solely responsible for any and all taxes which may be due as a result of Plaintiffs' receipt of their respective portions of the Negotiated Settlement Amount pursuant to this Agreement. The Plaintiffs further agree to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by the Defendants or by the Plaintiffs, or both, as a result of not withholding taxes from any portion of the money paid to the Plaintiffs and the Plaintiffs' attorneys pursuant to this Agreement, and the Plaintiffs agree to fully indemnify and hold the Defendants harmless against any such liability. If the Defendants receive notice from any taxing authorities regarding any of the payments hereunder, the Defendants will provide the Plaintiffs' attorneys with a copy of such notice, within a reasonable period, so that the Plaintiffs may address any requests made by such taxing authority. The Plaintiffs understand that, in the event that the Defendants are required to enforce the terms of this indemnification and hold harmless provision, the Plaintiffs shall reimburse the Defendants for Defendants' reasonable attorney's fees and costs associated with such enforcement.

Plaintiffs:

By: _____
BONIFACIO PEREZ-RAMOS

By: _____
LUCIANA FLORES

Defendants:

ST. GEORGE HOLDING CORP. (d/b/a EL BASURERO)

By: _____[signature]_____

Print Name _Jorge Morales_

Title _President_

RITMOS 60'S INC. (d/b/a RITMOS 60'S)

By: _____[signature]_____

Print Name _Presi Jorge Morales_

7

Title _President_

By: _[signature]_
JORGE A. MORALES

By: _[signature]_
RAMON BADILLO

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-------------------------------------------------------------------X

BONIFACIO PEREZ-RAMOS and LUCIANA
FLORES, *individually and on behalf of others
similarly situated*,

        *Plaintiffs*,

  -against-

ST. GEORGE HOLDING CORP. (D/B/A EL
BASURERO), RITMOS 60'S INC. (D/B/A RITMOS
60'S), JORGE A. MORALES, and RAMON
BADILLO,

        *Defendants*
-------------------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF NEW YORK  )
                       ) ss.
COUNTY OF Queens )

Jorge A. Morales being duly sworn, deposes and says:

1. I reside in Queens, New York

2. I am an owner of St. George Holding Corp. (d/b/a El Basurero). I am duly authorized to make this affidavit of confession of judgment on behalf of St. George Holding Corp. (d/b/a El Basurero).

3. St. George Holding Corp. (d/b/a El Basurero) maintains its principal place of business at 32-17 Steinway Street, Astoria, New York 11103.

4. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants St. George Holding Corp. (d/b/a El Basurero), Ritmos 60's Inc. (d/b/a Ritmos 60's), Jorge A. Morales and Ramon Badillo (collectively, "Defendants") is to submit a total sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) to Plaintiffs.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Bonifacio Perez-Ramos and Luciana Flores (collectively, "Plaintiffs") and Defendants, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against St. George Holding Corp. (d/b/a El Basurero) and in favor of Plaintiffs for

9

the remaining sum due under the Settlement Agreement at the time of Defendants' breach thereof.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $75,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule) against St. George Holding Corp. (d/b/a El Basurero).

St. George Holding Corp. (d/b/a El Basurero)

By: *[signature]*

3rd day of June of 2019

Notary Public *[signature]*

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2019

10

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------X

BONIFACIO PEREZ-RAMOS and LUCIANA
FLORES, *individually and on behalf of others
similarly situated*,

     Plaintiffs,

  -against-

ST. GEORGE HOLDING CORP. (D/B/A EL
BASURERO), RITMOS 60'S INC. (D/B/A RITMOS
60'S), JORGE A. MORALES, and RAMON
BADILLO,

     *Defendants*
-----------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF NEW YORK )
         ) ss.
COUNTY OF Queens )

Jorge A. Morales, being duly sworn, deposes and says:

1. I reside in Queens, New York

2. I am an owner of Ritmos 60's Inc. (d/b/a Ritmos 60's). I am duly authorized to make this affidavit of confession of judgment on behalf of Ritmos 60's Inc. (d/b/a Ritmos 60's).

3. Ritmos 60's Inc. (d/b/a Ritmos 60's) maintains its principal place of business at 32-23 Steinway Street, Astoria, New York 11103.

4. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants St. George Holding Corp. (d/b/a El Basurero), Ritmos 60's Inc. (d/b/a Ritmos 60's), Jorge A. Morales and Ramon Badillo (collectively, "Defendants") is to submit a total sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) to Plaintiffs.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Bonifacio Perez-Ramos and Luciana Flores (collectively, "Plaintiffs") and Defendants, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against Ritmos 60's Inc. (d/b/a Ritmos 60's) and in favor of Plaintiffs for the

11

remaining sum due under the Settlement Agreement at the time of Defendants' breach thereof.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $75,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule) against Ritmos 60's Inc. (d/b/a Ritmos 60's).

Ritmos 60's Inc. (d/b/a Ritmos 60's)

By: _____

3rd day of June of 2019

Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2019

12

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X

BONIFACIO PEREZ-RAMOS and LUCIANA
FLORES, *individually and on behalf of others
similarly situated,*

        *Plaintiffs,*

    -against-

ST. GEORGE HOLDING CORP. (D/B/A EL
BASURERO), RITMOS 60'S INC. (D/B/A RITMOS
60'S), JORGE A. MORALES, and RAMON
BADILLO,

        *Defendants*
-----------------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF NEW YORK  )
                              ) ss.
COUNTY OF Queens  )

Jorge A. Morales, being duly sworn, deposes and says:

1. I reside in Queens, New York.

2. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants St. George Holding Corp. (d/b/a El Basurero), Ritmos 60's Inc. (d/b/a Ritmos 60's), Jorge A. Morales and Ramon Badillo (collectively, "Defendants") are to submit a total sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) to Plaintiffs.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Bonufacio Perez-Ramos and Luciana Flores (collectively, "Plaintiffs") and St. George Holding Corp. (d/b/a El Basurero), Ritmos 60's Inc. (d/b/a Ritmos 60's), Jorge A. Morales and Ramon Badillo (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiffs for the remaining sum due under the Settlement Agreement at the time of Defendants' breach thereof.

13

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $75,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule) against me, Jorge A. Morales.

_____
JORGE A. MORALES

3rd day of June of 2019

Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2019

14

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
---------------------------------------------------------------X

BONIFACIO PEREZ-RAMOS and LUCIANA
FLORES, *individually and on behalf of others
similarly situated*,

                *Plaintiffs*,

      -against-

ST. GEORGE HOLDING CORP. (D/B/A EL
BASURERO), RITMOS 60'S INC. (D/B/A RITMOS
60'S), JORGE A. MORALES, and RAMON
BADILLO,

                *Defendants*
---------------------------------------------------------------X

                                              AFFIDAVIT OF
                                              CONFESSION
                                              OF JUDGMENT

STATE OF NEW YORK    )
                                 ) ss.
COUNTY OF Queens   )

Ramon Badillo, being duly sworn, deposes and says:

1. I reside in Queens New York

2. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants St. George Holding Corp. (d/b/a El Basurero), Ritmos 60's Inc. (d/b/a Ritmos 60's), Jorge A. Morales and Ramon Badillo (collectively, "Defendants") are to submit a total sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) to Plaintiffs.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Bonufacio Perez-Ramos and Luciana Flores (collectively, "Plaintiffs") and St. George Holding Corp. (d/b/a El Basurero), Ritmos 60's Inc. (d/b/a Ritmos 60's), Jorge A. Morales and Ramon Badillo (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiffs for the remaining sum due under the Settlement Agreement at the time of Defendants' breach thereof.

15

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $75,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule) against me, Ramon Badillo.

_____
RAMON BADILLO

3rd day of June of 2019

_____
Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2019

16