```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BONIFACIO PEREZ-RAMOS and LUCIANA
FLORES,

        Plaintiffs,                          MEMORANDUM & ORDER

        -against-                            18-CV-1929(KAM)(JO)

ST. GEORGE HOLDING CORP., RITMOS 60'S
INC., JORGE A. MORALES, and RAMON
BADILLO,

        Defendants.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On March 29, 2018, Bonifacio Perez-Ramos and Luciana Flores (together, "Plaintiffs") filed this action against St. George Holding Corp., Ritmos 60's Inc., Jorge A. Morales, and Ramon Badillo (collectively, "Defendants") for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor, N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6. (ECF No. 1, Compl.) Defendants appeared through counsel and answered the complaint. (ECF No. 10, Ans.) The parties then commenced settlement negotiations.

On May 10, 2019, the parties submitted a settlement agreement for the Court's approval. (ECF No. 28, Settlement

1

Agreement.) Magistrate Judge Orenstein reviewed the proposed agreement and found that it "[was] manifestly one that the [C]ourt cannot approve." (ECF No. 29, Minute Entry for Proceedings Before Magistrate Judge Orenstein.) The agreement contained overbroad release and severability provisions; a non-disparagement provision lacking the necessary exception for truthful statements; and contradictory statements about the amount sought for fees. (*Id.*) Judge Orenstein also noted that the parties' attorneys, in this and other actions, "have repeatedly wasted their clients' resources and the [C]ourt's time seeking approval for agreements to settle wage claims that are foreclosed by applicable law." (*Id.*)

On June 12, 2019, the parties submitted a revised settlement for the Court's approval. (ECF No. 30, Motion to Approve Settlement.) Judge Orenstein reviewed the parties' revised settlement agreement and, finding that it satisfied *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), issued a *sua sponte* Report and Recommendation (the "R&R") recommending that the Court approve the settlement, including an award of attorney's fees in the amount of $6,150. Judge Orenstein informed the parties that any objections to the R&R were to be filed by July 10, 2019, and that "[f]ailure to file objections within [that] period designating the particular issues to be reviewed [would] waive[] the right to appeal the

2

district court's order." (*Id.*)  No party filed any objections, and the Court now considers Judge Orenstein's R&R and the parties' underlying motion for settlement approval.

## **Legal Standard**

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that there is no clear error on the face of the record."  *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted)).

## **Discussion**

Upon a clear error and *de novo* review of the record and Judge Orenstein's R&R, and considering that no party has objected to any of Judge Orenstein's recommendations, the court finds no clear error in the R&R and hereby affirms and adopts the R&R in part, with the sole modification slightly reducing counsel's fees as outlined below.

I.  **Fair and Reasonable Settlement**

The Federal Rules of Civil Procedure afford litigants wide latitude in settling their disputes.  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (noting that "the plaintiff may dismiss an

action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared"). An exception to this rule exists for stipulated dismissals of FLSA actions. *Cheeks*, 796 F.3d at 206. Parties may not stipulate to dismiss an FLSA action with prejudice without submitting the settlement offer to the district court for review. *Id.* The Court has reviewed the parties' revised settlement offer and agrees with the R&R's finding that the proposed settlement is generally fair and reasonable.

District courts in this circuit frequently look to the factors outlined in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to determine the reasonableness of a proposed settlement. *See, e.g., Li Rong Gao v. Perfect Team Corp.*, 249 F. Supp. 3d 636, 638 (E.D.N.Y. 2017); *Cortes v. New Creators, Inc.*, No. 15-CV-5680 (PAE), 2016 WL 3455383, at *2 (S.D.N.Y. June 20, 2016). These factors include "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc.*, No. 10-

4

CV-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). Defendants' $70,000 settlement offer exceeds the $49,217.06 in unpaid wages and pay Plaintiffs seek to recover in this action. The proposed settlement amount is below the maximum possible recovery of $169,856.62, but appropriately accounts for the risks and costs of proceeding to trial. Plaintiffs were also represented by competent and experienced counsel, and the Court has no reason to suspect that fraud or collusion played any role in reaching settlement.

Courts also look to the Second Circuit's admonitions in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). *See, e.g.*, *Ezpino v. CDL Underground Specialists, Inc.*, No. 14-CV-3173 (DRH) (SIL), 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017), *report and recommendation adopted*, No. 14-CV-3173 (DRH) (SIL), 2017 WL 3037406 (E.D.N.Y. July 17, 2017). The *Cheeks* panel was troubled that the settlement offer before the court prescribed (1) a "battery" of highly restrictive confidentiality provisions, (2) an overbroad release, and (3) a provision that would set the fee for plaintiff's attorney without adequate documentation. *Cheeks*, 796 F.3d at 206. These concerns are not present here. The revised settlement agreement contains no overly restrictive confidentiality provision, releases only those wage and hour

5

claims relating to this litigation, and adequate documentation supports the requested attorneys' fees.

## II. Reasonableness of Fees

The Court modifies only the proposed award of $6,150 in attorney's fees. Where a proposed settlement includes payment of attorney's fees, the court must consider whether the fee is reasonable. This circuit uses the "presumptively reasonable fee," also referred to as the "lodestar,"[1] as the baseline for awards of attorney's fees. *Bogosian v. All Am. Concessions*, No. 06-CV-1633(RRM)(RML), 2012 WL 1821406, at *1 (E.D.N.Y. May 18, 2012) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). To calculate the presumptively reasonable fee, the district court should ask what a "reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively" would pay. *Arbor Hill*, 522 F.3d at 172.

"The Court has considerable discretion in making the 'presumptively reasonable fee' determination, which is comprised of a reasonable hourly rate multiplied by a reasonable number of expended hours." *Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008). The court may "adjust the

---

[1] The Second Circuit has suggested using the term "presumptively reasonable fee" in place of "lodestar." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 n.4 (2d Cir. 2008) ("While we do not purport to require future panels of this court to abandon the term . . . this panel believes that it is a term whose time has come.").

fee upward or downward based on other considerations." *Wolinsky*, 900 F. Supp. 2d at 337-38 (collecting cases). Factors relevant to the reasonableness of an award of attorney's fees include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bogosian*, 2012 WL 1821406, at *2 (quoting *Arbor Hill*, 522 F.3d at 186 n.3).

Additionally, in an individual FLSA action in which the parties settle the fee through negotiation, the "range of reasonableness" for attorneys' fees is greater than in a collective or class action. *Wolinsky*, 900 F. Supp. 2d at 336. But "even in such cases, the Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Id.* (quoting *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997) (alterations in original)).

a. <u>Reasonableness of Counsel's Rate</u>

Plaintiffs' counsel submitted an invoice from which the Court derived hourly billing rates of $450 for Michael A. Faillace (senior partner); $200 for Paul Hershan (senior associate); $200 for Sara Isaacson (mid-level associate); and $100 for "PL" (presumably, a paralegal). These hourly rates fall within the high end of the range of fees that have been awarded within this district for individuals of comparable seniority and experience. *Cohetero v. Stone & Tile, Inc.*, No. 16-CV-4420, 2018 WL 565717, at *4 (E.D.N.Y. Jan. 25, 2018) ("In recent cases in this district, the court has found hourly rates ranging from $200 to $450 for partners, $100 to $300 for associates[,] and $70 to $100 for paralegal assistants to be reasonable."); *Hall v. Prosource Techs., LLC*, No. 14-CV-2502, 2016 WL 1555128, at *12-13 (E.D.N.Y. Apr. 11, 2016) ("Courts in [this district] award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals."). Yet, Plaintiffs' counsel proposes a $6,150 award of attorney's fees. (ECF No. 30, Mot. to Approve Settlement.) According to Plaintiffs' counsel's calculation, this award amounts to 1.5 times the lodestar and would, consequently, require that the Court award counsel fees at 1.5 times their typical hourly rates, well in excess of the

rates found to be reasonable for comparable individuals in this district.  (ECF No. 30, Mot. to Approve Settlement.)

Counsel's efforts in this action do not appear to have involved any novel or difficult legal questions, nor does this action's prosecution appear to have required an unusually high level of skill.  There is also no indication that this action has precluded counsel from taking on other employment or that the nature of the action or clients imposed weighty constraints on counsel.  Counsel's billing invoice indicates that the attorney-client relationship began in March 2018, and counsel's legal work on this case effectively concluded in May or June 2019, when counsel moved for settlement approval.  (*See* ECF No. 30-3, Invoice.)  In the interim, counsel's work involved limited and sporadic communication with Plaintiffs and opposing counsel and did not involve ongoing legal advice or complex, much less any, motion practice, other than the joint motion to approve the initial and revised settlement agreements.  Plaintiffs' counsel also sought approval of an initial settlement offer which was "manifestly" unacceptable under applicable law, at a cost to the Court's and Plaintiffs' time.

The Court can see no reason why fees in excess of counsel's typical hourly rates, used to calculate the lodestar, are warranted in this case based on the lack of complexity of the issues and legal work central to this case.  The case

settled without much litigation at all.  The parties are to be commended for promptly resolving this action.  But granting counsel the requested award of $6,150 would compensate Plaintiff's counsel at rates in excess of those routinely awarded in this district.  The Court finds that the lodestar hourly rates of $450 for Mr. Faillace, $200 for Mr. Hershan and Ms. Isaacson, and $100 for the paralegal represent reasonable hourly rates for counsel's fees in this action.

### b. Reasonableness of Number of Hours Billed

The Court next considers the reasonableness of the number of hours expended by counsel in litigating this action. "For purposes of determining a reasonable fee, the number of hours billed must also be reasonable, and courts should not award fees for 'hours that were excessive, redundant, or otherwise unnecessary to the litigation.'" *Cohetero*, 2018 WL 565717, at *6 (quoting *Hall*, 2016 WL 1555128, at *13); *accord Cho v. Koan Med Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007).  Here, the invoice indicates that Plaintiffs' counsel spent 15.00 hours on this action.  None of the legal work appears duplicative, unnecessary, or administrative in nature.  Counsel expended a reasonable number of hours on this action.

### c. Reasonable Fee Calculation

The invoice submitted by Plaintiffs' counsel sets forth the appropriate calculation of the presumptively

reasonable fee in this action. It multiplies the attorneys' hourly billing rates by the number of hours billed by each attorney, both of which the Court found reasonable. Applying counsel's calculation leads to a presumptively reasonable fee of $4,100. The $6,150 fee requested by counsel as part of the settlement agreement is greater than the presumptively reasonable fee and, without any basis for an upward departure, is unreasonable. The court will reduce the award of attorneys' fees to $4,100, along with $400 in costs to cover the filing fee, *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 316 (E.D.N.Y. 2015) ("Courts typically allow counsel to recover their reasonable out-of-pocket expenses.").

## Conclusion

For the reasons set forth above, the Court adopts Judge Orenstein's R&R in part, approves the parties' revised settlement agreement as modified herein, and reduces Plaintiffs' counsel's awarded fees. The Court will allow an award of counsel's fees in the amount of $4,100 and costs in the amount of $400. The remainder of the settlement amount must be remitted to Plaintiffs, *pro rata*, based on their respective shares of the total damages. By January 31, 2020, the parties shall file a stipulation of dismissal which complies with Rule 41 of the Federal Rules of Civil Procedure

11

and, if the parties desire, reserves the Court's authority to enforce the settlement.

**SO ORDERED.**

Dated:    January 27, 2020
          Brooklyn, New York

                                      /s/
                              Hon. Kiyo A. Matsumoto
                              United States District Judge